1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  BURL J. AARON, et al.,                      Case No.  1:96-cv-6180-KES-BAM

12              Plaintiffs,                      ORDER DENYING NON-PARTY BANK OF
                                                 AMERICA, N.A.'S MOTION FOR ORDER
13          v.                                   FOR DEPOSIT IN COURT

14  ATCHISON, TOPEKA AND SANTA FE                (Doc. 87)
    RAILWAY COMPANY,
15
                Defendants.
16

17  AND RELATED CASES

18
            Currently before the Court is the motion of Non-Party Bank of America, N.A. ("BANA")
19
    seeking an order requiring BANA to deposit with the court the funds held at BANA in a court-
20
    restricted account.  The funds belong to Plaintiff Saina Ramirez, who cannot be located, and are
21
    in BANA's possession.  (Doc. 807.)  The matter was referred to the undersigned magistrate judge
22
    in accordance with Local Rules 150(a) and 302(c)(6).
23
        **I.      Relevant Background**
24
            On June 20, 2000, the Court issued an Order to Deposit Money ("Order").  (Doc. 599.)
25
    The Order directed that funds totaling $682.46 be placed in a blocked account at BANA for
26
    Plaintiff Saida Ramirez, who was a minor at that time.  (*Id.*)
27
            On June 19, 2001, Plaintiff's Guardian and her counsel established a court-restricted
28
                                                 1

1    blocked account for Saida Ramirez, ending in -1496 ("Account").  (Doc. 807 at 3; Decl. of Carl

2    Monsen ("Monsen Decl.") ¶ 5.)  Funds could not be withdrawn without a written order of the

3    Court until the minor attained the age of eighteen years.  (Doc. 599.)  The Order provided that

4    "[w]hen said minor attains the age of eighteen years, said depository without further order of

5    Court is authorized and directed to pay by check or draft, upon proper demand, all monies,

6    including interest, hereby ordered to be deposited, directly to said minor."  (*Id.*)  Saida Ramirez

7    attained the age of eighteen years in 2005.  (*Id.*)  She did not claim the funds once she reached the

8    age of eighteen.  (Doc. 807 at 3.)

9        As a result of an administrative issue, the Account was closed on or around June 3, 2014

10   (the "Closed Date').  (Monsen Decl. ¶ 7.)  On the Closed Date, the Account had a total balance

11   (including accrued interest) of $704.07 (the "Closed Funds").  (*Id.*)  BANA remains in possession

12   of the Closed Funds, but BANA believes the funds belong to Saida Ramirez.  (*Id.* ¶ 8.)  BANA

13   contacted counsel who represented Saida Ramirez and her Guardian in this action, but BANA

14   was unable to reach Saida Ramirez or her Guardian with the contact information provided by

15   counsel.  (*Id.* ¶ 9.)  After conducting a search, BANA has been unable to locate Saida Ramirez or

16   her Guardian, and cannot appropriately distribute the funds.  (*Id.* ¶ 10.)

17       On November 8, 2024, BANA filed the instant motion seeking an order for BANA to

18   deposit the full principal balance of the Closed Funds, plus interest, for a total of $882.88,[1] with

19   the Court.  No party responded to the motion.

20   **II.    Discussion**

21       BANA filed this motion pursuant to Federal Rule of Civil Procedure 67.  Rule 67 states:

22       If any part of the relief sought is a money judgment or the disposition of a sum of
         money or some other deliverable thing, a party—on notice to every other party
23       and by leave of court—may deposit with the court all or part of the money or
         thing, whether on not that party claims any of it.
24

25   Fed. R. Civ. P. 67(a).[2]

26   _____

27   [1] To provide interest to Saida Ramirez during the time the Account was closed, and through the probable
     duration of the motion process, BANA applied an interest rate of 2.42% calculated from the Closed Date
     through November 30, 2024.  (Doc. 807 at 4 n.1.)

28   [2] BANA also seeks a court order for deposit of funds pursuant to Local Rule 150(a).  That rule provides

2

1    "The core purpose of Rule 67 is to relieve a party who holds a contested fund from

2    responsibility for disbursement of that fund among those claiming some entitlement thereto."

3    *Alstom Caribe, Inc. v. George P. Reintjes Co., Inc.*, 484 F.3d 106, 113 (1st Cir. 2007).  From this

4    purpose, "[i]t follows logically that a district court should not grant a Rule 67 motion unless the

5    question of entitlement is genuinely in dispute."  *Id.*; *see also Hubbard v. Plaza Bonita*, *LP*, No.

6    09-CV-1581 JLS (JMA), 2020 WL 3441027, at *1 (S.D. Cal. June 23, 2020) ("[T]o grant a Rule

7    67 motion, a court must find the funds in question to be genuinely 'in dispute.'").  "Moreover, the

8    entitlement dispute must be live; that is, the dispute must be extant at the time the court is asked

9    to grant the Rule 67 motion."  *Alstrom,* 484 F.3d at 113. The Court has discretionary authority to

10   allow the deposit of funds pursuant to Rule 67.  *Lasheen v. Loomis Co.*, No. 2:01-cv-0227-KJM-

11   EFB, 2018 WL 4679305, at *3 (E.D. Cal. Sept. 28, 2018) ("The decision to allow the deposit of

12   property pursuant to Rule 67 is discretionary.").

13        BANA asserts that the Closed Funds belong to Saida Ramirez, who reached the age of

14   eighteen years in 2005.  BANA continues to hold the Closed Funds as required by the Order even

15   though Saida Ramirez has been eligible to receive them since 2005.  BANA explains that because

16   it has not been able to locate Saida Ramirez or her Guardian, despite a diligent search, it is unable

17   to distribute the Closed Funds as required by the Order.  For these reasons, BANA requests that

18   the Court grant the motion, allow BANA to deposit the full principal balance of the Closed

19   Funds, plus interest, with the Court, and upon making the deposit, BANA be fully and finally

20   released and discharged as a custodian of funds and from this matter.  (Doc. 807 at 4.)

21        Having considered the motion, the Court finds that the requirements for deposit under

22   Rule 67 have not been met.  This action is closed. The question of entitlement to the funds is not

23   live or in genuine dispute because, as BANA acknowledges, the funds belong to Saida Ramirez.

24   Accordingly, BANA's motion will be denied without prejudice.

25   ///

26   ///

27   ──────────────────────────────────

28   only that specific leave of court is required before making a deposit into the registry of the Court.  L.R. 150(a).

3

1

### III.    Conclusion and Order

2        For the reasons stated, Non-Party Bank of America N.A.'s motion for order for deposit in

3    court is DENIED without prejudice.

4

IT IS SO ORDERED.

5

6        Dated:    **March 27, 2025**                    /s/ *Barbara A. McAuliffe*          _

7                                                    UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28